### 12900.   MEADORS *v.* WALDEN.

HILL, J.  1.  Only the ordinaries of the several counties of this State have power to appoint guardians for insane persons.  Civil Code (1910), § 3089.

2.  The defendant in error made an application to the ordinary of the county of his residence for appointment as guardian for his wife, who had been adjudged insane.  The plaintiff in error filed a caveat on the ground that the husband was an unfit person for the guardianship, and on the additional ground that the wife had, prior to the time when she had been adjudged insane, executed an instrument in writing, in the nature of a power of attorney to the plaintiff in error, which was to become effective if there should be any attempt by the relatives of the wife to declare her insane, or any adjudication on the part of the courts that she was insane, or upon the happening of certain other contingencies of a similar nature therein mentioned.  The judgment of the court of ordinary was in favor of the husband, and the plaintiff in error appealed to the superior court.  The case was submitted to a jury, and the jury returned a verdict in favor of the husband.  The caveator filed a motion for a new trial, which was overruled.  There was evidence submitted to the jury that at the time of the signing of the above-mentioned instrument the wife was insane on the subject-

matter of the instrument, and ample evidence that the husband was a fit and proper person to be appointed guardian. *Held:* The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 20, 1922.

Appeal; from Henry superior court — Judge Searcy. August 15, 1921.

*King & Johnson,* for plaintiff in error.

*Reagan & Reagan, E. M. Smith,* contra.